UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARICUS L. B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-cv-05189-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 4. This matter has been fully briefed. *See* Dkts. 17, 20, 21.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) committed harmful error in evaluating the medical opinion evidence. Accordingly, this matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

//

## I. PROCEDURAL HISTORY

On July 6, 2018, Plaintiff filed applications for Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a), and Title XVI Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1381(a). AR 113–14. His claims were denied initially on November 19, 2018, and upon reconsideration on February 8, 2019. AR 113–14, 187–88. The matter came on for hearing before ALJ Allen Erickson on January 16, 2020, AR 140, and on March 19, 2020, ALJ Erickson entered a decision concluding that Plaintiff was not disabled. AR 15–33. The Appeals Council denied Plaintiff's request for review on September 21, 2020. AR 1. On November 25, 2020, Plaintiff filed a Complaint in the United States District Court for the Western District of Washington, seeking judicial review of the 2020 decision. AR 1052–53. In turn, United States Magistrate Judge David W. Christel entered an Order reversing and remanding the 2020 decision on October 12, 2021. AR 1061. The Appeals Council remanded the matter on February 9, 2022. AR 1062.

The matter came on for a second hearing before ALJ Erickson on July 18, 2023, AR 977, who entered another decision concluding that Plaintiff was not disabled on October 17, 2023. AR 947–68. Once again, Plaintiff filed another Complaint in the United States District Court for the Western District of Washington on February 15, 2024. AR 1545. On August 30, 2024, Judge Christel entered an Order again reversing and remanding the 2023 decision. AR 1544. The Appeals Council remanded the matter on October 29, 2024. AR 1581.

The matter came on for a third hearing on August 26, 2025, before ALJ Margaret M. Sullivan (the ALJ) who entered a decision concluding that Plaintiff was not disabled on October 29, 2025. AR 1440–73. On March 2, 2026, Plaintiff filed another Complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 8. Defendant filed the sealed Administrative Record in this matter on May 1, 2026. Dkt. 11.

## II. BACKGROUND

Plaintiff was born on July 18, 1973, and was forty-two years old on July 1, 2016, his alleged date of disability onset. AR 115. Plaintiff has at least a high school education. AR 781. According to the ALJ, Plaintiff suffers from the severe impairments of: lumbar degenerative disc disease and major depressive disorder. AR 1445. The ALJ, however, found that Plaintiff was not disabled because he had the Residual Functional Capacity (RFC) through his Date Last Insured (DLI) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] is further limited to simple instructions only, only occasional contact with the public and coworkers, and must not be required to work at heights or near hazardous machinery.

AR 1451.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff argues that the ALJ erred in evaluating: (1) certain medical opinion evidence; (2) his subjective symptom testimony; and (3) the lay witness evidence. Dkt. 17 at 2.

### A. Medical Opinion Evidence

First, Plaintiff argues that the ALJ erred in evaluating the medical opinions of, *inter alia*, Dr. Yamamoto. Dkt. 17 at 5–6.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any

medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[1] Rather, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Yamamoto conducted a clinical evaluation of Plaintiff on January 9, 2019. AR 812–15. As Plaintiff argues, however, the ALJ did not discuss Dr. Yamamoto's medical opinion in the decision denying benefits. Dkt. 17 at 5–6; AR 1440–73. Defendant does not contest

---

[1] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

Plaintiff's argument that the ALJ failed to discuss Dr. Yamamoto's opinion, nor does Defendant contend that this evidence was not a medical opinion that required a persuasiveness finding by the ALJ. Dkt. 20 at 9–15.

Under the regulations, the ALJ was required to evaluate the persuasiveness of *all* medical opinions in the record, and having failed to do so, committed reversible error. *See* 20 C.F.R. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

**B. Remaining Issues**

Plaintiff also contends the ALJ erred in evaluating his subjective symptom testimony, the lay witness evidence, and Plaintiff's RFC. Dkt. 17 at 2. Having found harmful error in the ALJ's evaluation of the medical opinion evidence, the Court need not consider these remaining issues. Rather, on remand, the ALJ should reassess the medical evidence, in light of the context provided by Dr. Yamamoto's opinion, Plaintiff's subjective symptom testimony, and, if necessary, the RFC and findings at Steps Four and Five of the sequential evaluation process.

//

//

//

//

//

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** AND **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 2nd day of November, 2026.

Grady J. Leupold
United States Magistrate Judge